UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                  :

JORGE ALBERTO GONZALEZ,      :

                                                  :    **ORDER DISMISSING PETITION**
                             Petitioner,    :

                                                  :    10 Civ. 5463 (AKH)
    -against-                              :

                                                  :    08 Cr. 146 (AKH)

UNITED STATES OF AMERICA,      :

                             Respondent.  :

------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Jorge Alberto Gonzalez, proceeding *pro se*, filed a "Motion to Relief from or Cancellation of the Court Decision to Deport the Defendant/Movant at the End of his Prison Sentence." On August 11, 2010, I issued an order directing Petitioner to clarify whether his "motion" should be considered an appeal from an order of deportation or a petition for habeas relief. By letter dated August 25, 2010, Petitioner submitted a letter stating that the "motion" should be "considered an appeal from an order of deportation." For the reasons stated below, the "motion" is dismissed for lack of subject matter jurisdiction. If this Court did possess jurisdiction, the "motion" would be dismissed on the merits.

        Gonzalez was born and raised in Columbia and immigrated to the United States in 2000. In 2008, he was arrested and charged with money laundering. At the time of his arrest, he was in the process of applying for U.S. citizenship.

        On November 25, 2008, he pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1956. During his allocution, the following exchange took place:

1

> THE COURT:  . . . One possibility of your pleading guilty, if you
> do plead guilty, is that you could be deported from the United
> States.  Are you aware of that?
> GONZALEZ:  Yes, your honor.
> . . .
> THE COURT:  I don't care if you plead guilty or not, Mr.
> Gonzalez.  The last thing I want is for an innocent person to plead
> guilty.  There's very serious consequences to pleading guilty.  It's
> the same as if a jury finds you guilty.  One aspect of it is
> deportation. . . .
> GONZALEZ:  Yes, your Honor. . . .

I accepted Gonzalez's plea of guilty and, on March 18, 2009, sentenced him to eighteen months' imprisonment.

In his instant "motion," Gonzalez contests an order of deportation and also claims that his attorney was constitutionally ineffective for failing to advise him that, as a consequence of pleading guilty, he could be deported after his term of imprisonment.  See Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

Since Petitioner has declared that the "motion" should be considered an appeal from an order of deportation, the proceeding must be dismissed since this Court lacks jurisdiction to review orders of deportation.  8 U.S.C. § 1232(a)(5) (vesting United States Court of Appeals exclusive jurisdiction to review orders of deportation).

Even if the "motion" is more properly considered a petition for habeas corpus relief, the petition would be denied on the merits.  Gonzalez claims that his attorney was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984) for failing to advise him that, as a consequence of pleading guilty, he could be deported.  See Padilla v. Kentucky, 130 S. Ct. 1473 (2010).  Assuming that Gonzalez's trial attorney failed to advise him that he could be deported as a result of pleading guilty, that failure was not prejudicial since, prior to accepting his plea, I advised Gonzalez that he could be deported as a result of his guilty

2

plea. See Strickland, 466 U.S. at 694 (holding that, to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); United States v. Cruz-Veloz, Civ. No. 07-1023 (WHW), 2010 U.S. Dist. LEXIS 72603, at *7 (D.N.J. July 19, 2010) ("Since Petitioner was informed of deportation consequences by the Court, Petitioner was not prejudiced by any ineffective assistance of counsel.").

For the reasons stated, if the "motion" is properly considered an appeal from an order of deportation, then it is dismissed for lack of subject matter jurisdiction. If the "motion" is more properly considered a habeas petition, then it is denied on the merits since Petitioner cannot establish that "but for counsel's errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The Clerk shall mark the motion terminated (Doc. No. 1) terminated and the case closed.

SO ORDERED.

Dated: September 3, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge